# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 11, 2010

No. 10-40190
Summary Calendar

Lyle W. Cayce
Clerk

ANDREA SIAS ESPINOSA; RENE ESPINOSA;
GLORIA GARCIA; CESAR GARCIA,

Plaintiffs-Appellants

v.

UVALDO ZAMORA, Raymondville Chief of Police;
THE CITY OF RAYMONDVILLE, TEXAS;
ELISEO BARNHART, Individually and
in his Official Capacity as Justice of the Peace
and County Judge of Willacy County Texas,
also known as Cheyo

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas, Brownsville Division
USDC No. 1:09-cv-00008

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

There is only one issue properly raised and argued and it is dispositive of

this appeal.  The question presented is the propriety of the district court's ruling

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Plaintiffs' evidence fails to create a genuine issue of material fact regarding whether the 2007 grand jury indictment leading to the arrest of the Plaintiffs was "tainted" by the actions of Defendants Eliseo Barnhart and/or Uvaldo Zamora.  Finding no error, we AFFIRM.

This Court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court. *E.g., Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir. 1996).  Summary judgment is proper if the record reflects "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

The Plaintiffs raised several claims in the district court.  However, as previously indicated, the only remaining issue on appeal is whether the Plaintiffs raised a fact issue with respect to their claim that the actions of Defendants Barnhart and Zamora "tainted" the 2007 grand jury proceedings that resulted in the indictment and arrest of the Plaintiffs.  *See Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004) (explaining that Fourth Amendment "claims may be maintained if the plaintiff affirmatively shows that the deliberations of that intermediary were in some way tainted by the actions of the defendants.") (internal quotation marks and citation omitted).

The complaint alleged that Defendant Barnhart had sexually assaulted Plaintiff Andrea Espinosa and that she reported it to the authorities.  The complaint further alleged that, in an attempt to discredit Espinosa, Defendant Barnhart conspired with Defendant Chief of Police Zamora to have her charged with extortion.  Although the unsworn complaint alleges that Barnhart falsely accused her of extortion, the Plaintiffs did not file a sworn statement that Barnhart's claim of extortion was false.  Thus, there is no competent summary judgment evidence demonstrating either that Barnhart's claim of extortion was false or that Zamora knew it was false.  The Plaintiffs rely on District Attorney

No. 10-40190

Juan Guerra's affidavit in support of their claim. In his affidavit, Guerra states that the investigation revealed no evidence of extortion but it does not provide that Barnhart's claim was false.[1] Because the Plaintiffs failed to show a constitutional violation, the district court properly granted summary judgment in favor of Willacy County and the City of Raymondville. *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009). Under these circumstances, we conclude that the district court did not err in granting summary judgment.

---

[1] To the extent that Guerra offers an opinion that the actions of Barnhart and Zamora were malicious, there is no evidence from which one could infer that Zamora knew Barnhart's account was false and Barnhart did not offer testimony to the 2007 grand jury that indicted the plaintiffs. This case might be closer if the action were based on a similar indictment against the plaintiffs returned in 2006. While Barnhart did not testify before the 2007 grand jury, Barnhart testified before the grand jury retuning the 2006 indictment. However, the claims based on that indictment were correctly dismissed as barred by limitations and no appeal from that ruling has been made.